# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain GREGORY L. LATHERY**
**United States Army, Appellant**

ARMY 20110275

Headquarters, Eighth Army (trial)
Headquarters, I Corps (*DuBay* hearing)
Thomas M. Kulish, Military Judge (trial)
Jeffrey D. Lippert, Military Judge (*DuBay* hearing)
Colonel Jeffrey C. McKitrick, Staff Judge Advocate (trial)
Colonel William R. Martin, Staff Judge Advocate (*DuBay* hearing)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, Jr., JA (on brief)

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowell, JA; Captain Sean P. Fitzgibbon, JA (on brief)

14 May 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of aggravated sexual assault, indecent acts, larceny, sodomy, adultery, obstruction of justice, and fraternization (two specifications), in violation of Articles 120, 121, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 921, 925, 934 (2006 & Supp. III 2010) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dismissal and confinement for four years.

We review appellant's case under Article 66, UCMJ. Appellant raises three assignments of error, two of which merit discussion and one of those merits relief.

**Failure to Allege the Terminal Element Under Article 134, UCMJ**

Appellant alleges that the four specifications he was convicted of under Article 134, UCMJ, adultery, obstruction of justice and fraternization (two specifications), should be dismissed because they failed to allege the terminal element and therefore failed to state an offense in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). We agree with appellant and are compelled to set aside the findings of guilt as to Specifications 1, 2, 4, and 5 of Charge III in violation of Article 134, UCMJ. None of these specifications allege the terminal element under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against the terminal element as required under *Humphries*. We will take action in our decretal paragraph to reverse appellant's convictions for those offenses.

**Ineffective Assistance of Counsel**

Appellant alleged in an affidavit: (1) His defense counsel did not request confinement credit for conditions on his liberty prior to trial, and (2) that his defense counsel never discussed with him what Article 13, UCMJ, credit meant and told him that because he was not actually confined or locked up that he was not entitled to any credit. In response, the Government submitted affidavits from appellant's military trial defense counsel and civilian defense counsel. On 16 December 2013, this court ordered a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) to resolve material inconsistencies in post-trial affidavits between appellant and his defense counsel regarding appellant's representation.

The *DuBay* military judge made, *inter alia*, the following findings of facts:

> CPT Lathery was not confined pretrial. Conditions were placed on his liberty consistent with the needs of good order and discipline and with the need to foster good relations with the host nation. The conditions placed on CPT Lathery were not in the nature of punishment. . . .
>
> CPT Lathery described his conditions on liberty to MAJ S. [appellant's trial defense counsel] at the outset of the representation. MAJ S. analyzed the conditions and compared them to those placed on others in the command and determined they did not present a basis for credit of any type, including Article 13 or restriction tantamount to confinement. . . .
>
> Neither MAJ S. nor Mr. B. [appellant's civilian defense counsel] told CPT Lathery "since he was not actually

confined that he was not entitled to any other confinement credit, including, but not limited to Article 13 credit," or any words or statements to that effect. On the contrary, the defense team appropriately analyzed the conditions on CPT Lathery's liberty, and fully discussed their implications with him, informing him what Article 13 and other potential credits were and how they applied in CPT Lathery's case. . . .

The defense approached the issues of confinement credit in relation to its effect on the entire trial, and the pre-sentencing portion specifically. The defense team correctly appreciated the tactical disadvantage they faced in raising any issue of improper pretrial punishment or restriction tantamount to confinement. The defense team was aware the government counsel knew CPT Lathery had routinely violated LTC F's orders placing conditions on CPT Lathery's liberty. If the defense team had raised the conditions on liberty during sentencing the government would have further impeached CPT Lathery on the issue. In addition, raising the issue at any juncture during the investigation and court-martial process may have prompted the government to prefer additional charges. . . .

While CPT Lathery's defense team properly advised him on the issue of sentencing credit, including Article 13 and restriction tantamount to confinement credit, at the time of the trial and afterwards CPT Lathery failed to fully appreciate that raising those issues would have raised potentially devastating impeachment or rebuttal evidence that may have negatively impacted his position in sentencing. The defense team neither ignored CPT Lathery or [sic] the issue of Article 13 or [sic] other sentencing credit. On the contrary the defense fully appreciated these issues, explained them to their client, and acted in his best interest in not raising them at trial.

To support an ineffective assistance of counsel claim, appellant must meet a two-prong test that his defense counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Wean*, 45 M.J. 461 (C.A.A.F. 1997). *See also United States v. Green*, 68 M.J. 360 (C.A.A.F. 2010). In analyzing the performance of defense counsel in the case at hand, we adopt the *DuBay* military judge's findings of fact as our own. Upon review of the entire record, to include the *DuBay* hearing, we

3

do not find the performance of appellant's defense counsel to be deficient. As such, we do not need to address the prejudice prong of *Strickland*. *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991). We hold appellant received effective assistance of counsel.

## CONCLUSION

In addition to the two assigned errors discussed above, we have also considered appellant's third assigned error as well as matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find those to be without merit. On consideration of the entire record, including the briefs and affidavits submitted by all parties, and the *DuBay* hearing, the findings of guilty to Specifications 1, 2, 4 and 5 of Charge III and Charge III are set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of the *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and the factors set forth in *United States v. Winkelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the errors noted. There is no change to the sentencing landscape or exposure. *See Winckelmann,* 73 M.J. at 15-16. Appellant's maximum sentence to confinement remains life without possibility of parole. The nature of the remaining offenses captures the gravamen of appellant's criminal conduct and appellant remains convicted of the most serious charges – aggravated sexual assault, indecent acts, sodomy, and larceny. *See id.* at 16. Despite facing a maximum sentence to confinement of life without possibility of parole, the military judge sentenced appellant, *inter alia*, to only four years confinement. We are confident of the sentence the military judge would have imposed for the remaining offenses. *See id.*

The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4